UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10613-KK-SHKx | Date: | June 27, 2025 |
|---|---|---|---|
| Title: | *Anthony Spence v. Bank of America, National Association et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Motion to Dismiss [Dkt. 5]; DENYING AS MOOT Plaintiff's Motion for Leave to Amend [Dkt. 41]

## I.
## INTRODUCTION

On November 13, 2024, pro se plaintiff Anthony Spence ("Plaintiff"), as Successor Trustee for the Gloria H. Spence Family Trust, filed the operative First Amended Complaint ("FAC") against defendant Real Time Resolutions, Inc. ("Defendant"), asserting a claim under the Fair Debt Collection Practices Act ("FDCPA") and a claim for fraud arising from Defendant's attempts to secure a nonjudicial foreclosure. ECF Docket No. ("Dkt") 1-2, Ex. 6, FAC. On December 16, 2024, Defendant filed the instant Motion to Dismiss the Complaint. Dkt. 5. On February 3, 2025, Plaintiff filed a Motion for Leave to Amend the FAC. Dkt. 41.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave to Amend is **DENIED AS MOOT**.

## II.
## BACKGROUND

### A.   PROCEDURAL HISTORY

On November 4, 2024, Plaintiff initiated this action by filing a Complaint against Defendant and Bank of America, Susan E. Smooth, Bank of America Corporation, BAC GP, LLC, BAC Home

Loans Servicing, LP, Bank of New York Mellon ("BNYM"), ReconTrust Company, N.A., Mortgage Electronic Registration System Inc. ("MERS"), Dana Lee Goodenow ("Goodenow"), Marc Hart, RRA CP Opportunity Trust 1, Frederick N. Spence, ZBS Law, LLP, Rick Mroczek, and Does 1-100 in Los Angeles County Superior Court.  Dkt. 1-2, Ex. 3.

On November 13, 2024, Plaintiff filed the operative FAC against only Defendant asserting the following claims:

(1) **Cause of Action One:** Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A) ("Section 1692e(2)(A)") and 15 U.S.C. § 1692e(5) ("Section 1692e(5)"); and
(2) **Cause of Action Two:** Fraud in violation of California Civil Code Section 1572.

FAC ¶¶ 54-84.

On December 9, 2024, Defendant filed a Notice of Removal and removed this action to this Court.  Dkt. 1.

On December 16, 2024, Defendant filed the instant Motion to Dismiss, arguing the FAC fails to state a claim.  Dkt. 5.  On the same day, Defendant filed a Request for Judicial Notice.[1]  Dkt. 5-2.  On December 27, 2024, Plaintiff filed two Oppositions and an Opposition to the Request for Judicial Notice.  Dkts. 15, 18, 19.  On January 6, 2025, Defendant filed a Reply.  Dkt. 22.

On February 3, 2025, Plaintiff filed a Motion for Leave to Amend the FAC.  Dkt. 41.  On February 19, 2025, Defendant filed an Opposition.  Dkt. 50.

This matters, thus, stand submitted.

**B.    RELEVANT FACTS**

**1.    The Parties and Relevant Property**

As alleged in the FAC, Plaintiff is the heir to the estate of his mother, Gloria Spence.  FAC ¶ 1.  In 2005, Gloria Spence executed a Home Equity Line of Credit (HELOC) loan for $162,700.00 with Countrywide Home Loans, Inc. ("Countrywide") on a property in Riverside, California ("Property").  Id. ¶¶ 6, 8.  Plaintiff resides at the Property.  Id. ¶ 1.

---

[1] A court may take judicial notice of documents extrinsic to the complaint if no party contests their authenticity and the complaint "necessarily relies" upon the documents, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006), or if the documents are matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Here, Defendant requests the Court take judicial notice of (1) Countrywide Home Loans, Inc.'s Statement of Information, filed on April 11, 2024 with the Office of the Secretary of State for the State of California and (2) Bank of New York Mellon's Statement of Information, filed on June 28, 2024 with the Office of the Secretary of State for the State of California.  Dkt. 5-2.  While Plaintiff objects to the request, dkt. 19, both of the documents are matters of public record.  Accordingly, Defendant's Request for Judicial Notice is **GRANTED**.

The HELOC loan was secured by a Deed of Trust on the Property. Id. ¶ 8. The loan has been in default since July 2008. Id., Ex. C. Defendant is a mortgage loan servicer and debt collector located in Texas. Id. ¶ 2. While unclear when, Plaintiff alleges Defendant began servicing the loan at some point. Id. ¶ 9.

### 2. Defects in the Prior Assignments

In 2014, the Deed of Trust was assigned to BNYM by MERS acting as nominee for Countrywide. Id. ¶ 14. In 2017, the Deed of Trust was assigned to RRA by BNYM as trustee for CWHEQ Revolving Home Equity Trust Series 2005-M ("CWHEQ"). Id. ¶ 28.

Plaintiff alleges there are several defects with the 2014 assignment of the Deed of Trust, which allegedly renders the Deed of Trust void. Id. ¶ 15. First, at the time of the assignment, the assignor, Countrywide, did not exist. Id. ¶ 16. Plaintiff alleges Countrywide ceased to exist as an independent company on July 1, 2008, when Bank of America completed its purchase of the company, effectively absorbing Countrywide into its own mortgage operations. Id. ¶ 17. Second, at the time of the assignment, the assignee, BNYM, did not exist. Id. ¶ 19. Third, Goodenow signed the assignment of deed of trust as Vice President of MERS, acting as nominee for Countrywide. Id. ¶ 23. However, Goodenow was not a Vice President for MERS but was actually an employee for Defendant. Id. ¶ 26.

Plaintiff also alleges there are defects in the 2017 assignment. Id. ¶ 28. Specifically, the assignment is defective because the assignor, BNYM as Trustee for CWHEQ, did not exist in a legal capacity to assign the deed of trust at that time. Id. ¶ 29. The assignor's operations ceased on January 30, 2006, per the Form 15 filed with the SEC. Id. ¶ 33. In addition, Plaintiff alleges the 2017 assignment is defective because the 2014 assignment is allegedly defective. Id. ¶ 30.

### 3. Defendant's Non-Judicial Foreclosure

On July 19, 2024, Defendant commenced a nonjudicial foreclosure against the Property by recording and serving a Notice of Default and a Notice of Election to Sell Under Deed of Trust ("Notice of Sale") stating the balance of the loan was $203,290.92. Id. ¶ 11. Plaintiff alleges this amount is not correct. Id. ¶ 12. On November 25, 2024, Plaintiff filed a bankruptcy petition in the Central District of California, thus, foreclosure on the Property was delayed. Id., Ex. E

While the dates are not clear, Plaintiff alleges Defendant routinely sent statements of account and monthly bills to Plaintiff to collect principal, interest, and late fees from him on behalf of RRA. Id. ¶ 56. In these communications, Defendant stated it was a debt collector attempting to collect a debt. Id. ¶ 57. Defendant engages in servicing activities relating to the Property by processing borrower payments, administering loss mitigation processes, and managing foreclosures. Id. ¶ 59. Defendant "acquired servicing rights in Plaintiff's 2nd mortgage[,]" and the debt Defendant is attempting to collect "arises out of Plaintiff's home mortgage, on property which he does occupy as his principal and only residence[.]" Id. ¶¶ 60-61. Plaintiff alleges Defendant's debt collection letters are "misleading" and "deceptive" because Defendant purports to collect a debt on behalf of entities that do not exist. Id. ¶¶ 63-64. Plaintiff claims Defendant has continued to erroneously collect payments and make claims of ownership. Id. ¶ 83.

///

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor, Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.
## DISCUSSION

### A. CAUSE OF ACTION ONE FOR A VIOLATION OF THE FDCPA FAILS TO STATE A CLAIM

#### 1. Applicable Law

The Fair Debt Collection Practices Act is a broad remedial statute enacted by Congress to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e(2)(A) of the FDCPA prevents debt collectors from falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(5) of the FDCPA further prevents debt collectors from threatening to "take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Threats may be express or implied. Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1064 (9th Cir. 2011).

To state a claim under the FDCPA, "a plaintiff must establish that (1) he or she is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA." Acevedo v. Sunnova Energy Corp., 738 F. Supp. 3d 1268, 1282 (C.D. Cal. 2024). For FDCPA claims, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

A "debt collector" under the FDCPA is any entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." 15 U.S.C. § 1692a(6). Debt is defined as an "obligation . . . of a consumer to pay money." 15 U.S.C. § 1692a(5). For the purposes of FDCPA claims, a trustee's "actions taken to facilitate a non-judicial foreclosure, such as sending a notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA" but rather are attempts to enforce a security interest. Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 572 (9th Cir. 2017).

### 2. Analysis

Here, Plaintiff asserts Defendant violated Section 1692e(2)(A) and Section 1692e(5). However, Plaintiff fails to allege he is a consumer. Specifically, Plaintiff does not allege how he is connected to the debt, whether his mother's interest was transferred to him, or how he is liable for the debt. Plaintiff only alleges he lives at the property and "is the heir to the estate of his mother[.]" FAC ¶ 1. In short, Plaintiff has not alleged he is "obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3); see Lachi v. GE Cap. Bank, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014) (finding mere allegations the plaintiff lived at the address where the defendant sent its debt collection letters were insufficient to allege the plaintiff was obligated to pay the debt).

Moreover, even if Plaintiff had sufficiently alleged he was a consumer, his claim ultimately fails because Plaintiff fails to allege Defendant was engaged in "debt collection" within the meaning of Section 1692a, which applies to Section 1692e. Rather, Plaintiff alleges Defendant engaged in actions to facilitate a non-judicial foreclosure, including sending the Notice of Default and Notice of Sale. FAC ¶ 12. However, actions related to a non-judicial foreclosure "are not attempts to collect 'debt' as that term is defined by the FDCPA." Vien-Phuong Thi Ho, 858 F.3d at 572. Thus, even if Defendant used debt collection language in its foreclosure-related correspondence with Plaintiff, Defendant is not liable under Section 1692e for enforcing a security interest, such as by effectuating a nonjudicial foreclosure. Saterbak v. Nat'l Default Servicing Corp., No. 15CV956-WQH-BGS, 2016 WL 4430922, at *9 (S.D. Cal. Aug. 22, 2016) (collecting cases).

Accordingly, Defendant's Motion to Dismiss Cause of Action One is **GRANTED**.

### B.   CAUSE OF ACTION TWO FOR FRAUD FAILS TO STATE A CLAIM

#### 1. Applicable Law

Allegations of fraud are subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003); Griffin v. Green Tree Servicing, LLC, 166 F. Supp. 3d 1030, 1056 (C.D. Cal. 2015) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b).") (internal quotation omitted). Rule 9(b) requires the party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Specifically, the pleading should "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018).

///

### 2.     Analysis

Here, Plaintiff fails to meet Rule 9(b)'s heightened pleading standard to state a claim for fraud.  While Plaintiff alleges (1) Defendant made a false representation as to its ability to effectuate a nonjudicial foreclosure on the Property and as to how much outstanding balance remained, and (2) Goodenow committed fraud when she signed the Assignment of Deed of Trust on August 4, 2014, FAC ¶ 79, these allegations are insufficient.  Plaintiff does not allege with specificity what representations were made to him regarding Defendant's authority to foreclose on the home.  He does not allege how these representations were false.  He does not allege Defendant knew these representations were false.  Moreover, the allegations in the FAC do not identify the who, what, when, where, and how of the alleged fraud.  See Davidson, 889 F.3d at 964.  Without sufficient detail about the allegations of misconduct, Defendant does not have sufficient "notice of the particular misconduct which is alleged to constitute the fraud" of the causes of action.  Waterford Twp. Police v. Mattel, Inc., 321 F. Supp. 3d 1133, 1145 (C.D. Cal. 2018).

Thus, Plaintiff fails to meet Rule 9(b)'s heightened pleading standard.  Accordingly, Defendant's Motion to Dismiss Cause of Action Two is **GRANTED**.

## C.     LEAVE TO AMEND

### 1.     Applicable Law

A court should freely grant leave to amend a complaint dismissed for failure to state a claim.  Fed. R. Civ. P. 15(a)(2); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).  The court may dismiss without leave to amend, however, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

### 2.     Analysis

Here, with respect to the Court's dismissal of Cause of Action One, amendment would be futile to the extent Plaintiff raises a claim pursuant to Defendant's non-judicial foreclosure.[2]  Saterbak v. Nat'l Default Servicing Corp., No. 15CV956-WQH-BGS, 2016 WL 4430922, at *9 (S.D. Cal. Aug. 22, 2016); Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc) (holding allegations in an amended complaint "must not be inconsistent with those already alleged" in the original pleading).  Accordingly, Cause of Action One is **DISMISSED WITHOUT LEAVE TO AMEND** with respect to Section 1692e(2)(A) and Section 1692e(5).

However, with respect to the Court's dismissal of Cause of Action Two, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency."  Telesaurus VPC, LLC, 623 F.3d at 1003.  In

---

[2] Plaintiff may amend to plead a claim regarding the nonjudicial foreclosure under Section 1692f(6), which "regulates nonjudicial foreclosure activity," to the extent the other pleading requirements are met.  Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 971 (9th Cir. 2017).

addition, leave to amend would not prejudice defendant or produce undue delay. Accordingly, Cause of Action Two is **DISMISSED WITH LEAVE TO AMEND**.[3]

### D.    PLAINTIFF MUST OBTAIN COUNSEL OR BRING CLAIMS SOLELY ON HIS OWN BEHALF AS AN INDIVIDUAL

#### 1.    Applicable Law

As held by the Ninth Circuit, a trust must be represented by an attorney at law. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-698 (9th Cir. 1987); see also Hale Joy Tr. v. C.I.R., 57 Fed. App'x. 323 (9th Cir. 2003) (unpublished). Accordingly, "[a] non-attorney may not represent a trust pro se in an Article III court." Hale Joy Tr., 57 Fed. App'x. At 324. Moreover, Local Rule 83-2.2.2 provides, "[o]nly individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."

#### 2.    Analysis

Here, Plaintiff brings his claims pro se as the successor trustee for the Gloria H. Spence Family Trust. See FAC. Accordingly, if Plaintiff amends the FAC, Plaintiff must (1) retain an attorney and instruct the attorney to enter a notice of appearance in this action or (2) file a Second Amended Complaint clearly alleging claims solely on Plaintiff's own behalf as an individual. Failure to comply with the Court's order may result in dismissal of Plaintiff's Second Amended Complaint without prejudice for failure to comply with Court orders. See Fed. R. Civ. P. 41(b).

## V.
## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave to Amend the FAC is **DENIED AS MOOT** as follows:

1. Defendant's request for dismissal of Cause of Action One is **GRANTED**, and Cause of Action One is **DISMISSED WITHOUT LEAVE TO AMEND** with respect to Section 1692e(2)(A) and Section 1692e(5).
2. Defendant's request for dismissal of Cause of Action Two is **GRANTED**, and Cause of Action Two is **DISMISSED WITH LEAVE TO AMEND**.
3. Plaintiff's Motion for Leave to Amend the FAC is **DENIED AS MOOT**.

**No later than twenty-eight (28) days from this Order,** Plaintiff may file a Second Amended Complaint. **If Plaintiff files an amended complaint, Plaintiff must either (1) retain an attorney and instruct the attorney to enter a notice of appearance in this action or (2) file a Second Amended Complaint clearly alleging claims solely on Plaintiff's own behalf as an individual. Plaintiff shall lodge as an exhibit a redlined version of the amended pleading**

---

[3] In light of the Court granting leave to amend, Plaintiff's Motion for Leave to Amend, dkt. 41, is **DENIED AS MOOT**.

**indicating all additions and deletions of material.**  Plaintiff is expressly warned that failure to file a Second Amended Complaint will result in this action being dismissed for failure to prosecute and comply with Court orders.  See Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED**.